IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Donald Johnson, | NO. C 05-05176 JW |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| Phillips & Cohen Associates, LTD, et al, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Donald Johnson, on behalf of himself and others similarly situated, filed a complaint against Phillips & Cohen Associates, Ltd. and Adam S. Cohen ("Defendants") for violations of Civil Code § 1812.700, California's Fair Debt Collection Practices Act (Civil Code § 1788 et seq., hereinafter "Rosenthal Act"), and the Federal Fair Debt Collection Practices Act ("FDCPA"). Presently before the Court is Defendants' Motion to Dismiss Plaintiff's FDCPA claims. On April 3, 2006, the Court held a hearing on Defendants' Motion and on April 5, 2006, Plaintiff filed a "Notice of Voluntary Dismissal" to dismiss only the FDCPA claims against Defendants. Based on the statements of the parties at the hearing and on the papers submitted, this Court GRANTS Defendants' Motion to Dismiss the FDCPA claims without leave to amend.

## II. BACKGROUND

In a letter addressed to Plaintiff and dated December 14, 2004 ("Collection Letter"), Defendants attempted to collect the outstanding balance of $2862.55 on an MBNA credit card

1 account ending 4229C.  Plaintiff does not contest the validity of the debt.  Defendants' Collection

2 Letter did not include the notice required under California Civil Code § 1812.700[1].

3       In the Complaint, Plaintiff alleges two causes of actions: (1) the failure to include the notice

4 required under § 1812.700 in the Collection Letter violates the Rosenthal Act and the FDCPA, and

5 (2) the Collection Letter was unfair, misleading, and deceptive in violation of Rosenthal Act and the

6 FDCPA.  Defendants filed a motion to dismiss Plaintiff's FDCPA claims and requests that the Court

7 decline to exercise supplemental jurisdiction over the remaining Rosenthal Act claims.

### III. STANDARDS

The strict standard for granting a motion to dismiss under Rule 12(b)(6) is set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).  A motion to dismiss under Rule 12(b)(6) must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Id.</u> at 45-46.  As the Ninth Circuit observed, a "motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."  <u>Gilligan v. Jamco Develop. Corp.</u>, 108 F.3d 246, 249 (9th Cir. 1997).

In ruling on a motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 164 (1993); <u>Pareto v. FDIC</u>, 139 F.3d 696, 699 (9th Cir. 1998).  However, the court need not accept as true conclusory allegations or legal characterizations, <u>Pareto</u>, 139 F.3d at 699, or unreasonable inferences or unwarranted deductions of fact.  <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

---

[1] The letter did not include the following notice:
"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

IV.  DISCUSSION

**A.     Notice of Voluntary Dismissal**

Two days following the hearing on Defendants' motion to dismiss, Plaintiff filed a "Notice of Voluntary Dismissal."  (Docket Item No. 13, "Notice")

> Pursuant to Fed. R. Civ. P. 41(a)(1), Plaintiff hereby files this Notice of Voluntary Dismissal of the 15 U.S.C. § 1692 et seq. federal claims. The only claims remaining are state law claims under Civil Code § 1812.700 and Civil Code § 1788. For the convenience of the Court, Plaintiff has provided a proposed order in the event the court wishes to decline jurisdiction of the supplemental state law claims.

As a general rule, a plaintiff has an absolute right and power to dismiss the action under FED. R. CIV. P. 41(a)(i) even if the defendant has filed a motion to dismiss.  Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).  However, in this Circuit, a voluntary dismissal cannot be used to dispose of only certain claims while not dismissing any defendant: "[A] plaintiff may not use Rule 41(a) to dismiss, unilaterally, a single claim from a multi-claim complaint." Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1392.  See also Gobbo Farms & Orchards v. Poole Chem. Co., 81 F.3d 122, 123 (10th Cir. 1996).  Plaintiff provided a Notice to the Court of dismissal of only the FDCPA claims against the Defendants, while maintaining state law claims under Civil Code §§ 1788 and 1812.700 against the same Defendants.  As Plaintiff's Notice was improper, the Court proceeds to reach the merits of Defendants' Motion to Dismiss Plaintiff's FDCPA claims..

**B.     Failure to Provide Notice Required by § 1812.700**

The issue of whether the failure to provide the notice required by § 1812.700, by itself, rises to a violation of the Federal FDCPA is not one of first impression before this District.  In Luna v. Alliance One Receivables Mgmt., No. C 05-4751JF, 2006 WL 357823 (N.D. Cal Feb. 16, 2006), the court determined that failure to include notice required by § 1812.700 does not violate the FDCPA, because "[w]hile violations of the FDCPA may constitute an automatic violation of state law, the reverse is not true." Id. at *4 (citing Wade v. Reg'l Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996)).  The Court is persuaded by the reasoning in Luna that "Congress did not elect to import all of the requirements of the various state debt collection laws into the [FDCPA], and nothing the

3

FDCPA creates a cause of action based on a violation of state law." Luna, 2006 WL 357823, at * 4 (alteration in original). See also Carlson v. First Revenue Assurance, 359 F.3d 1015, 1018 (8th Cir. 2004) ("[t]he FDCPA . . . was not meant to convert every violation a state debt collection law into a federal violation").

Plaintiff relies on McDonald v. Bonded Collectors, LLC, 233 F.R.D. 576 (S.D. Cal. 2005) to support its position. Plaintiff's following representation to this Court citing McDonald as authority is incorrect:

> Courts within the Ninth Circuit have further stated that a debt collector's failure to provide California consumers with a notice of their rights in its initial collection letter to the consumer can violate both state and federal law. Thus, Defendants' argument that a violation of state law can not [sic] be a violation of federal law is without merit as such contention was specifically rejected by the Southern District of California.

(Opp. at 6:9-16.) In McDonald, "the original complaint alleged violations of both the federal statutes regulating debt collection practices." McDonald, 233 F.R.D. at 576. The court in McDonald then granted plaintiffs leave to file an amended complaint to bring class allegations under both the Rosenthal Act and the federal FDCPA because "'California simply incorporated by reference the text of certain federal provision' into its statute, 'rather than copying them verbatim into the California code.'" Id. at 577 (quoting Alkan v. CitiMortgage, Inc., 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004)). Thus, while McDonald may reach the issue of whether a violation of the FDCPA may violate the Rosenthal Act because of the California legislature's incorporation of the federal act into the state act, McDonald does not address the question of whether a violation of the Rosenthal Act itself constitutes a violation of the federal FDCPA.

**C.   Unfair, Deceptive, Misleading**

Because the failure to provide a notice required by state law does not automatically trigger a violation of the federal FDCPA, Plaintiff's attempt to bootstrap the absence of notice required by state law into a violation of the federal FDCPA by characterizing the absence of notice as unfair, deceptive, or misleading is also unpersuasive. This Court also finds that the letter itself is not unfair, deceptive, or misleading to the "least sophisticated debtor." Wade v. Regional Credit Ass'n, 87 F.3d

4

1098, 1100 (9th Cir. 1996) (quoting Swanson v. S. Or. Credit Serv., Inc., 869 F.2d 1222, 1225 (9th Cir. 1988)).  The "least sophisticated debtor" standard is objective, but "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." Swanson, 869 F.2d at 1299.  In the Ninth Circuit, the effect of collection letters on the "least sophisticated debtor" is determined as a matter of law.  See Terran v. Kaplan, 109 F.3d 1428, 1432 (9th Cir. 1997).

In Wade, the plaintiff received a collection letter stating: "If not paid TODAY, it may STOP YOU FROM OBTAINING credit TOMORROW." 87 F.3d at 1099 (capitalization in original). The court in Wade held that the least sophisticated debtor would construe the notice as a prudential reminder, and not a threat to take action.  In this case, Defendants' letter appears to only be a prudential reminder as well; at the very least, Defendants' Collection Letter appears far less unfair, deceptive, and misleading than the letter before the Ninth Circuit in Wade.

Because the failure to provide the notice required by § 1812.700 does not, by itself, rise to a violation of the FDCPA, and the text of the letter is only a prudential reminder even to the least sophisticated debtor, Plaintiff's FDCPA claims are dismissed without leave to amend.

**D.     Supplemental Jurisdiction**

"Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." Wade, 87 F.3d at 1101.  Based on the Court's disposition of the FDCPA claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's Rosenthal Act claim.

V.  CONCLUSION

Defendants' Motion to Dismiss Plaintiff's FDCPA claims is GRANTED without leave to amend.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining Rosenthal Act claims.

Dated: August 15, 2006              /s/ James Ware
05cv5176mtd                          JAMES WARE
                                     United States District Judge

5

United States District Court
For the Northern District of California

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2 Allison Amy Krumhorn allison@caclawyers.com
Andrew Steinheimer asteinheimer@mpbf.com
3 Lance A. Raphael lar@caclawyers.com
Ronald Wilcox ronaldwilcox@post.harvard.edu

**Dated: August 15, 2006**                    **Richard W. Wieking, Clerk**

                                              **By:_/s/ JW Chambers_____**
                                                   **J. Younger**
                                                   **Courtroom Deputy**